UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

637 BAY REALTY LLC,

Plaintiff,

-against-

UNITED STATES LIABILITY INSURANCE COMPANY,

Defendant.

Case No. 1:26-cv-07475 (JLR)

**ORDER**

JENNIFER L. ROCHON, United States District Judge:

Defendant United States Liability Insurance Company ("Defendant") removed this action from the Supreme Court of the State of New York, County of New York, to this Court on September 1, 2026, asserting that jurisdiction in this Court is proper by reason of diversity of citizenship pursuant to 28 U.S.C. § 1332. *See* Dkt. 1 ("Notice of Removal") ¶ 9. Defendant alleges that it is "a corporation duly organized and existing under the laws of the State of Nebraska with its principal place of business in Wayne, Pennsylvania." *Id.* ¶ 6. Defendant further alleges that Plaintiff 637 Bay Realty LLC "is a domestic limited liability company duly organized and existing under and by virtue of the laws of the State of New York," and that, "[u]pon information and belief," Plaintiff's principal place of business is located in New York and Plaintiff "does not have any members who are citizens of the State of Nebraska or the Commonwealth of Pennsylvania." *Id.* ¶¶ 3-5. Defendant does not affirmatively provide the citizenship of Plaintiff's members, however.

It is well established that a limited liability company ("LLC") is deemed to be a citizen of each state of which its members are citizens. *See, e.g.*, *Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48, 51-52 (2d Cir. 2000). Thus, a notice of removal premised upon diversity of

citizenship must allege the citizenship of natural persons who are members of an LLC-party and the place of incorporation and principal place of business of any corporate entities that are members of the LLC. *See id.*; *see also, e.g.*, *In re Bank of Am. Corp. Sec. Derivatives & ERISA Litig.*, 757 F. Supp.2d 260, 334 n.17 (S.D.N.Y. 2010); *Lewis v. Allied Bronze LLC*, No. 07-cv-01621 (BMC), 2007 WL 1299251, at *1-2 (E.D.N.Y. May 2, 2007) (remanding removed action for lack of diversity jurisdiction). "Naked allegations that the parties are citizens of different states, absent an averment of the particular states of which the parties are citizens, are insufficient to meet the pleading requirement." *Shields v. Murdoch*, 891 F. Supp. 2d 567, 586 (S.D.N.Y. 2012) (alteration adopted) (citation omitted); *see also Prospect Funding Holdings, LLC v. Fennell*, No. 15-cv-04176 (LLS), 2015 WL 4477120, at *1-2 (S.D.N.Y. July 15, 2015) (finding that complaint failed to "adequately allege that the parties are citizens of different states" where it "[s]tat[ed] merely that the [plaintiff] is not a citizen of his adversaries' states of citizenship").

Accordingly, it is hereby ORDERED that, **on or before September 11, 2026**, Defendant shall amend its Notice of Removal to allege the citizenship of each constituent person or entity comprising Plaintiff 637 Bay Realty LLC (including the state of incorporation and principal place of business of any corporate entity member). If, by that date, Defendant is unable to amend its Notice of Removal to truthfully allege complete diversity of citizenship, then the action will be remanded to the Supreme Court of New York, New York County, without further notice to either party.

Defendant is directed to, **within two business days of this Order**, serve on Plaintiff a copy of this Order and to file proof of such service on the docket. Counsel for Plaintiff is directed to file a notice of appearance on the docket **within two business days of such service**.

Dated: September 3, 2026
New York, New York

SO ORDERED.

Jennifer Rochon

JENNIFER L. ROCHON
United States District Judge